IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3199-FL

| | | |
|---|---|---|
| PETE NOBLE MUHAMMAD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SCOTT PLASTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court on frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion to delay his payment plan (DE # 5). These matters are ripe for adjudication.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Factually frivolous claims are those which "lack[] an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiffs claims against defendant are neither legally nor factually frivolous. Accordingly, plaintiff is ALLOWED to proceed with this action.

The court now turns to plaintiff's motion to delay his payment plan. Plaintiff was a prisoner at the time he initiated this action. The Prison Litigation Reform Act altered 28 U.S.C. § 1915 so that a prisoner who brings a civil action or files an appeal in forma pauperis is responsible for the entire amount of the normal civil action filing fee of three hundred fifty dollars ($350.00). See 28 U.S.C. § 1915(b)(1); United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). Plaintiff requests that this court allow him an extension of time to make payments on his filing fee. For good cause shown, plaintiff's motion is GRANTED.

In summary, plaintiff is ALLOWED to proceed with this action. The Clerk of Court is DIRECTED to issue summons for defendant. Plaintiff's motion to delay his payment plan (DE # 5) is GRANTED.

SO ORDERED, this the 25 day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2

Case 5:10-ct-03199-FL   Document 6   Filed 03/30/11   Page 2 of 2